William A. Bradford, Jr., Washington, D.C., for plaintiff. Chester D. Taylor, Jr.; Wendy T. Kirby, and Hogan & Hartson, Washington, D.C., of counsel.

Alvin A. Schall, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

**AVCO CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 14–85C.**

United States Claims Court.

Aug. 19, 1986.

## OPINION

MAYER, Judge.

Plaintiff Avco Corporation seeks partial summary judgment that the Debt Collection Act of 1982 applies to defendant's withholding of progress payments under a contract because of allegedly deficient performance of that contract. The case arises under the Contract Disputes Act of 1978, which defendant says provides the sole remedy.

### Background

In May of 1979, the parties entered into a contract for the design and installation of energy monitoring and control systems at eight Air Force bases. The contract called for defendant to make periodic progress payments based on estimates of work completed, approved by the contracting officer, and authorized it to retain ten percent of the amount of each progress payment

pending final completion and acceptance of the work.

In the course of the contract, there were a number of modifications. Modification No. 19 in October of 1982, extended the schedule for completion and established completion dates for the bases staggered between April and September of 1983. The modification also required plaintiff to pay liquidated damages of $250 for each day of delay if the schedule was not met, up to a "cap" of $60,000 for all eight bases. Between August of 1983 and January of 1984, however, defendant withheld payments on nine invoices beyond the ten percent retainage because of plaintiff's alleged excess delay and deficient performance at six of the bases, and claimed the delay had occasioned damages in excess of the liquidated damages "cap."

On January 12, 1984, plaintiff sought to rescind the contract for material breach because of the failure of defendant to make the progress payments as called for in the contract. The next day, the contracting officer purported to terminate the contract for default for failure to complete it on time. Plaintiff filed a certified claim with the contracting officer, of which $218,-589.24 was for the progress payments withheld in excess of the ten percent retainage, and $553,161.03 was for the amount retained under the contract. Upon the failure of the contracting officer to issue a decision, plaintiff brought suit here under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613, and the Debt Collection Act of 1982, 31 U.S.C. § 3716.

On this motion for partial summary judgment, plaintiff says that because defendant withheld payment above the ten percent allowed by the contract in an attempt to collect "excess damages" and past "overpayments," it was engaged in the administrative offset of a debt which is governed by the collection procedures of the Debt Collection Act. Because defendant admits it did not follow the Debt Collection Act procedures, plaintiff believes it is entitled to the money withheld. Defendant denies the Debt Collection Act applies.

## Discussion

Plaintiff characterizes defendant's action as an administrative offset subject to the procedural protections of the Debt Collection Act, 31 U.S.C. § 3716. See appendix. Under the Act, " 'administrative offset' means withholding money payable by the United States Government to ... a person to satisfy a debt the person owes the Government." *Id.* § 3701(a)(1). But plaintiff did not owe a debt to defendant. The Federal Claims Collection Standards, which implement the Debt Collection Act, says a debt is "an amount of money or property which has been determined by an appropriate agency official to be owed to the United States from any person, organization, or entity...." 4 C.F.R. § 101.2(a). Here, the Air Force determined not how much plaintiff owed, but how much the government owed plaintiff according to its disputed interpretation of the contract. This is the withholding of payments under an ongoing contract for work not timely or proficiently performed, if defendant is correct, even though some of the payments withheld were for work purportedly completed and paid for earlier in the contract. It is refusal to pay money which plaintiff has not yet earned because it allegedly has not conformed with its obligations under the contract; it is not recovery of money plaintiff owes defendant.

The parties vigorously argue over whether the Debt Collection Act applies to government contracts governed by the Contract Disputes Act at all, a question of first impression in the courts. *See Cascade Pacific International v. United States,* 773 F.2d 287, 296 n. 11 (Fed.Cir. 1985); *Spectrum Leasing Corp. v. United States,* 764 F.2d 891, 892 n. 1 (D.C.Cir. 1985). It is not necessary to decide that broad issue in this case. In the court's view, even if plaintiff was correct that it does, it would not apply here because of the absence of debt within the contemplation of the Debt Collection Act.

Plaintiff not surprisingly relies on *DMJM/Norman Engineering Co.,* ASBCA No. 28154, 84–1 BCA ¶ 17,226 (1984); *Pat's*

*Janitorial Service, Inc.,* ASBCA No. 29129, 84–3 BCA ¶ 17,549 (1984); and *IBM Corp.,* ASBCA Nos. 28821, 29106, 84–3 BCA ¶ 17,689 (1984), in which the board of contract appeals held the Debt Collection Act applies notwithstanding that the contract was also subject to the Contract Disputes Act. Defendant responds that those cases were wrongly decided because the Disputes Act provides the exclusive mechanism for the resolution of government contract claims.

Whether those cases are right or wrong, they are not helpful because the debts at issue there arose under contracts separate from the contracts in which the administrative offset was employed. The government identified debts because of overpayments on earlier, closed contracts, and offset against current, unrelated contracts, *DMJM/Norman,* 84–1 BCA ¶ 17,226, at 85,-766; *IBM,* 84–3 BCA ¶ 17,689, at 88,205, or against an unrelated fund, *Pat's Janitorial,* 84–3 BCA ¶ 17,549, at 87,459. A case more closely analogous to ours concluded that the Debt Collection Act did not apply, notwithstanding its general applicability to contracts also subject to the Contract Disputes Act. *Fairchild Republic Co.,* ASBCA No. 29385, 85–2 BCA ¶ 18,047 *aff'd on reconsideration,* 86–1 BCA ¶ 18,608 (1985). *See also Atlantic States Construction Inc.,* ASBCA No. 27681, 85–3 BCA ¶ 18,501 (1985). Without necessarily accepting *Fairchild's* concurrence with the earlier cases that the Debt Collection Act applies generally, the court nevertheless finds it instructive.

In *Fairchild,* defendant withheld payments according to an explicit price reduction clause in the contract because of defective pricing. Plaintiff, as here, contended that the withholding was an administrative offset against a Debt Collection Act "debt." But the board rejected that interpretation, stating that where "the basis for withholding arises solely under an existing contract, and funds remain unpaid to the contractor, a withholding of unpaid funds as a price reduction is not the collection of a 'debt' for purposes of the Debt Collection

Act...." 85–2 BCA ¶ 18,047, at 90,600; 86–1 BCA ¶ 18,608, at 93,396.

Here, the basis for withholding was the alleged inadequate performance of the same contract against which the withholding occurred. We, of course, do not have a violation of a price reduction clause, and the bases for some of the withholding occurred under invoices separate from the invoices against which money was withheld. But, in *Fairchild* the key was that both the basis for withholding payments and the withholding occurred under the same contract. It is not significant that our withholding was against separate invoices under the contract. *Cf.* 86–1 BCA ¶ 18,608, at 93,396. And the court sees no overriding difference between withholding payments under an express price reduction clause as in *Fairchild,* and withholding because of our plaintiff's alleged inadequate performance of the contract. Adequate performance was at least an implied condition precedent to defendant's obligation to pay, although the extent of defendant's right to withhold underlies the claim on the merits and remains to be seen. So there was no debt to trigger the Debt Collection Act and no administrative offset as contemplated by that Act.

The kind of debts targeted by the Debt Collection Act are not intra-contractual disputes like ours, which gave rise to the charge of breach and rescission by plaintiff and termination for default by defendant, and will be addressed on the merits in due course. The Act looks to things like "$13.2 billion in unpaid taxes, $7.7 billion in overdue loans, and the remainder for overdue interest and overpayments to program beneficiaries." S.Rep. No. 97–378, 97th Cong., 2d Sess. 3, *reprinted in* 1982 U.S.Code Cong. & Ad.News 3377, 3379. Invoking the Debt Collection Act in this type of case would add a new procedural matrix to every contract. Absent explicit statutory authorization, the court will not infer so significant an expansion of procedural requirements in contract administration. *Cf. Fidelity Construction Co. v. United States,* 700 F.2d 1379, 1387 (Fed.Cir.1983); *Brookfield Construction Co. v. United States,*

661 F.2d 159, 165, 228 Ct.Cl. 551 (1981). Therefore, pretermitting the question of whether the Debt Collection Act applies to government contracts generally, the court concludes it does not apply when payment is withheld because of disputes over performance of a contract.

### Conclusion

Accordingly, it is ORDERED that plaintiff's motion for partial summary judgment is DENIED. The parties will jointly file a proposed schedule for completion of pretrial proceedings not later than September 19, 1986.

### APPENDIX

In pertinent part, 31 U.S.C. § 3716, provides:

(a) After trying to collect a claim from a person under section 3711(a) of this title, the head of an executive or legislative agency may collect the claim by administrative offset. The head of the agency may collect by administrative offset only after giving the debtor—

(1) written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor under this section;

(2) an opportunity to inspect and copy the records of the agency related to the claim;

(3) an opportunity for a review within the agency of the decision of the agency related to the claim; and

(4) an opportunity to make a written agreement with the head of the agency to repay the amount of the claim.